## SUN PRINTING & PUBLISHING ASS'N v. EDWARDS.

(Circuit Court of Appeals, Second Circuit.  February 28, 1905.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—EFFICIENCY.

Where, in an action for alleged wrongful discharge, it appeared that plaintiff was employed in defendant's office as superintendent of printing, with control of all of defendant's printing and mechanical departments, during a strike, and that during the 10 days of his employment the delay in getting out defendant's morning and evening papers was materially cut down, with a reduced force, and that plaintiff worked nearly 16 hours a day, and the only reason given for his discharge was that the matter had gotten beyond defendant's manager, and that the men would not work with plaintiff, the question of his efficiency was properly submitted in an instruction that if he fulfilled his duties efficiently, and was improperly discharged, he was entitled to recover, otherwise not.

2. SAME—EVIDENCE.

Where, in an action for a servant's wrongful discharge, defendant's witnesses claimed that plaintiff had done nothing in the line of his employment, a pay roll made up by plaintiff during such employment was admissible in rebuttal.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here by defendant's writ of error from a judgment entered against it in the court below upon the verdict of a jury in an action brought to recover damages for breach of contract. The facts in the case are sufficiently stated in the opinion of this court on a former hearing.  113 Fed. 445, 51 C. C. A. 279.

Franklin Bartlett, for plaintiff in error.

Thomas F. Bayard, for defendant in error.

Before TOWNSEND, Circuit Judge, and HOLT, District Judge.

TOWNSEND, Circuit Judge.  The single question argued on the exceptions is as to the propriety of the action of the court below in refusing to direct a verdict in favor of the defendant.  The motion for such direction was made under a claim that the uncontradicted evidence showed that plaintiff was discharged because he was incompetent, inefficient, and negligent.  The plaintiff was engaged, during a strike in defendant's office, as superintendent of printing—to have entire control of all defendant's printing and mechanical departments.  During the period of his employment, which lasted 10 days, the delay in getting out the morning and evening papers at the regular time was cut down, with a reduced force, from an hour and a half or two hours to a period of from fifteen to twenty-five minutes.  There was evidence from which the jury were justified in finding that plaintiff was discharging the duties of superintendent at the Sun establishment from half past 6 or 7 o'clock in the morning, with an interval for dinner, only, until 10 or 11 o'clock at night; that the success in getting the paper out was due to his efforts; and that he was fully qualified for the duties of the position, and discharged those duties efficiently and successfully.  It appeared that he was summarily discharged, without previous complaint or warning, and no explanation of his dismissal was given;

that the only reason assigned by defendant's manager, except that the matter had gotten beyond him, was that he was very sorry he had to take this course, but that the men would not work with plaintiff. In these circumstances, the questions of plaintiff's competency and efficiency were questions to be submitted to the jury, and they were properly submitted by the judge in the charge, a portion of which is as follows:

"The question is whether the plaintiff fulfilled his duties efficiently, and, if he did not, he is not entitled to recover at all. If he did, then he was improperly discharged, and he is entitled to recover the damages which have accrued."

A further exception discussed in the brief, but not pressed on the argument, relates to the admission in rebuttal of the pay roll made up by plaintiff during the time of his employment. Counsel for defendant stated that he did not object to the testimony of the witness that he had made out the pay roll, but merely objected to the admission of the pay roll itself, on the ground that it might convey an erroneous idea to the jury. It was admitted merely to show that it was a pay roll, and that plaintiff himself made it. This evidence was proper on rebuttal as tending to disprove the testimony of defendant's witnesses that plaintiff had done nothing in the line of his employment.

The judgment is affirmed, with costs.